IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Stanley Houston,** | **CASE NO. 1:16 CV 1206** |
| **Plaintiff,** | **JUDGE DONALD C. NUGENT** |
| v. | |
| **Cuyahoga County Probate Court,** | <u>**MEMORANDUM OPINION AND ORDER**</u> |
| **Defendant.** | |

*Pro se* Plaintiff Stanley Houston, confined in the Cuyahoga County Jail, has filed this civil action against the Cuyahoga County Probate Court, Civil Division. The complaint does not set forth allegations intelligible to the Court.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915A to screen and dismiss before service any civil action in which a prisoner seeks redress from a governmental entity that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915A). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, to state a claim, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The plaintiff's complaint must be dismissed pursuant to §1915A. Even liberally construed, the complaint does not set forth intelligible facts sufficient to suggest the plaintiff has any valid federal claim, and it fails to give the defendant fair notice of the basis of a claim. Principles requiring generous construction of *pro se* pleadings are not without limits, and district courts are not required "to conjure up questions never squarely presented to them" or to "construct full blown claims from sentence fragments" because, to do so, would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir.1985).

Additionally, the complaint must be dismissed because the defendant is not a legal entity capable of being sued. The Ohio Supreme Court has made clear that Ohio courts are not *sui juris*. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976).

### Conclusion

Accordingly, for the reasons stated above, this action is dismissed in accordance with 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _June 14, 2016_